

# NUMBER 13-26-00513-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TANIA MAYLETH VARGAS-LOPEZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Justice Cron[1]**

By pro se petition for writ of mandamus, relator Tania Mayleth Vargas-Lopez seeks to compel the University of Texas System, et al., to comply with her request for the disclosure of certain records under the Texas Public Information Act (the Act). *See* TEX. GOV'T CODE § 552.321. We dismiss the petition for writ of mandamus for lack of jurisdiction.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Article V, Section 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). Section 22.221 of the Texas Government Code provides the main source for the original jurisdiction of the intermediate courts of appeals. *See* TEX. GOV'T CODE § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue a writ of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE § 22.221(a), (b), (c).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over this original proceeding. The Act authorizes a requestor to file suit for a writ of mandamus compelling a governmental body to make information available for public inspection. *See* TEX. GOV'T CODE § 552.321; *Paxton v. Am. Oversight*, 716 S.W.3d 535, 540 (Tex. 2025). However, the Act does not grant jurisdiction to issue such writs of mandamus to the appellate courts. *In re Turner*, 998 S.W.2d 935 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam); *see also In re Montout*, No. 04-26-00152-CR, 2026 WL 686070, at *1 (Tex. App.—San Antonio Mar. 11, 2026, orig. proceeding) (per curiam) (mem. op., not designated for publication); *In re Hall*, No. 05-26-00252-CR, 2026 WL 565853, at *1 (Tex. App.—Dallas Feb. 27, 2026, orig. proceeding) (mem. op.); *In re Norman*, No. 13-17-00662-CV, 2017 WL 6047714, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 4, 2017, orig. proceeding) (mem. op.). Rather, a petition for writ of mandamus filed by a requestor under the Act "must be filed in a district court for the county in which the main offices of the

2

governmental body are located." TEX. GOV'T CODE § 552.321(b). Accordingly, we dismiss

relator's petition for writ of mandamus for lack of jurisdiction.

JENNY CRON<br>
Justice

Delivered and filed on the
6th day of July, 2026.